IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 06-cr-00372-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RONALD RICHARD CREIGHTON,

    Defendant.

## ORDER ON MOTION FOR RETURN OF PROPERTY

Miller, J.

    This matter is before me on Defendant's Motion for Return of Property (ECF No. 463). For the reasons that follow, the motion shall be granted in part and denied in part.

    Defendant was tried and convicted in this court on federal charges stemming from his involvement in an extensive identity theft operation. His challenge to my denial of various suppression motions was denied on appeal and his convictions affirmed. *United States v. Ronald Richard Creighton*, 639 F.3d 1281 (10th Cir. 2011). He now moves for return of property seized by "police departments in the Denver Metro area" and used in the federal prosecution. He appears to limit his request to non-contraband that is actually in the possession of the Postal Services and the United States Attorney's Office. The government did not respond to the motion.

    A motion for return of seized property is generally filed under Fed. R. Crim. P. 41(g). My resolution of this matter relies on the decision in *United States v. Copeman*, 458 F.3d 1070 (10th Cir. 2006). There, as here, the property at issue was seized by

state law enforcement officers and used in a federal prosecution. Rule 41(g) may be used as a vehicle for return of property seized by state authorities where the federal government actually possesses the property, where the property was considered evidence in the federal prosecution, or where the property was seized by state officials acting at the direction of federal authorities in an agency capacity. *Id.* at 1071. If the evidence is still held by state officials, it is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution. *Id.* at 1072. Since Defendant's appeal has been resolved, it does not appear that this principle would apply. Moreover, Defendant would have an adequate remedy in the state court for return of any property in the possession of state authorities. *Id.* at 1073.

Here, Defendant has not identified what property he seeks nor whether it is in the actual or constructive possession of the United States. However, since Defendant's motion is essentially unopposed, I will grant the motion as follows:

1. Defendant's motion (ECF No. 463) is granted in part to the extent that it seeks the return of non-contraband items in the actual possession of the United States. It is denied as to all other non-contraband items. If the government possesses items fitting this description, it shall return any such property to Defendant by August 31, 2011 or file a statement in this court, on or before this date, explaining why such items should not be

returned.  If the government does not actually possess any such items, it

shall file a statement to such effect by the same date.

DATED at Denver, Colorado, on August 1, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge